IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| MILAGROS ROSARIO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE | : | |
| Commissioner of Social Security | : | NO. 2:08-cv-01972-LDD |

ORDER

AND NOW, this 10th day of November 2009, upon consideration of Plaintiff's Brief and

Statement of Issues in Support of Request for Review (Doc. No. 11), Defendant's Response in

opposition thereto (Doc. No. 12), Plaintiff's Reply in further support thereof (Doc. No. 14), the

Report and Recommendation of United States Magistrate Judge Henry S. Perkin (Doc. No. 16),

Plaintiff's Objections to Report and Recommendation of Magistrate Judge (Doc. No. 17),

Defendant's Response in opposition thereto (Doc. No. 18), and Plaintiff's Reply in further

support thereof (Doc. No. 19), it is hereby ORDERED as follows:

1.      The Report and Recommendation is APPROVED and ADOPTED;

2.      The relief sought by Plaintiff is DENIED;

3.      The decision of the Commissioner of Social Security is AFFIRMED; and

4.      The Clerk of Court shall close this case for statistical purposes.

We write briefly to address Plaintiff's objection that the Administrative Law Judge

("ALJ") failed to incorporate his finding of moderate deficiencies in the functional area of

concentration, persistence or pace into the hypothetical that he presented to the Vocational

Expert ("VE"), and that Magistrate Judge Perkin failed to address this error.[1] (Pl.'s Objections 1-2.) Plaintiff explains that in the ALJ's decision, he expressly found that Plaintiff had "moderate difficulties in maintaining concentration, persistence or pace," (R. 21, Finding No. 3), but that during the hearing held on February 20, 2007, the ALJ asked the VE a hypothetical question in which the individual had "mild to moderate impairments of the ability to maintain concentration, persistence, and pace." (Id. at 393.) Plaintiff argues that as a result of this discrepancy, the ALJ's hypothetical violates Third Circuit law. (Pl.'s Objections 3.) In his Report and Recommendation, Magistrate Judge Perkin found that the ALJ's hypothetical "does not lack consideration of any of Plaintiff's impairments, and [that] the ALJ accurately presented Plaintiff's functional limitations to the [VE] who found Plaintiff able to work." (Report and Recommendation 26.) We agree with Magistrate Judge Perkin's conclusion, but because Magistrate Judge Perkin did not directly address the discrepancy between the ALJ's finding and the hypothetical, we address this issue more fully.[2]

"Because a VE provides an opinion as to the claimant's residual functional capacity, the

_____

[1]     Plaintiff also objects to the ALJ's failure to incorporate his finding that Plaintiff had moderate difficulties in maintaining social functioning into his hypothetical to the VE. (Pl.'s Objections 3.) However, because this argument was not raised before Magistrate Judge Perkin, even though it could have been presented at that time, we decline to consider this objection. See Local R. Civ. P. 72.1(IV)(c); Kirk v. Meyer, 279 F. Supp. 2d 617, 620 (E.D. Pa. 2003) (noting that the Third Circuit has not yet addressed this issue, but the majority of district courts in this Circuit and other circuit courts have concluded that issues not presented to the magistrate judge are not properly before the district court).

[2]     This Court reviews de novo the portions of the Report and Recommendation to which Plaintiff has objected. 28 U.S.C. § 636(b)(1); Schwartz v. Halter, 134 F. Supp. 2d 640, 648 (E.D. Pa. 2001). This Court must uphold the ALJ's decision if it is supported by substantial evidence in the record. Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotations omitted).

Third Circuit mandates that the hypothetical posed to a VE must include 'all of claimant's impairments that are supported by the record; otherwise the question is deficient and the expert's answer cannot be considered substantial evidence.'" Reid v. Astrue, Civ. No. 08-2300, 2009 WL 2710243, at *6 (E.D. Pa. Aug. 28, 2009) (quoting Ramirez v. Barnhart, 372 F.3d 546, 552 (3d Cir. 2004) (internal quotations omitted)); see also Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005) (explaining that this requirement includes only claimant's "credibly established limitations"). The ALJ must construct the functional limitations in the hypothetical with "greater specificity" so that they adequately convey the claimant's mental or physical impairments. See Ramirez, 372 F.3d at 552 (quoting Burns v. Barnhart, 312 F.3d 113, 122 (3d Cir. 2002)). When an ALJ finds that a claimant has moderate difficulties with concentration, persistence or pace, the ALJ's limitation in the hypothetical to a claimant who can perform "one or two step simple tasks," without more, is generally insufficient to adequately convey the claimant's impairment in this functional area. See Ramirez, 372 F.3d at 554; see also Whack v. Astrue, Civ. No. 06-4917, 2008 WL 509210, at *8 (E.D. Pa. Feb. 6, 2008).

Plaintiff argues that the ALJ's hypothetical to the VE violates the Ramirez requirement because of the discrepancy between the ALJ's finding in the area of concentration, persistence or pace, and his limitation in the hypothetical. We disagree with Plaintiff's assertion and find that the hypothetical does not violate Ramirez and its progeny. As Magistrate Judge Perkin wrote in his Report and Recommendation, the ALJ "explicitly accounted for" Plaintiff's limitation in concentration, persistence or pace in the hypothetical presented to the VE. (Report and Recommendation 24.) However, the ALJs in Ramirez and Whack, upon which Plaintiff relies, found that the plaintiffs had moderate difficulties with concentration, persistence or pace, but

only limited their hypothetical claimants to simple one to two step tasks, without any mention of the ALJs' findings.  See Ramirez, 372 F.3d at 554; Whack, 2008 WL 509210, at *8-9 (collected cases).  Moreover, "Ramirez does not oblige the ALJ to make a verbatim recitation to the VE of the type of limitation the claimant has."  Gayton v. Astrue, Civ. No. 08-3667, 2009 WL 1456608, at *2 (E.D. Pa. May 19, 2009) (citing Ramirez, 372 F.3d at 552).  The ALJ must only provide limitations which adequately convey the claimant's impairments, which this ALJ's limitations sufficiently do.  Id.  Despite his finding of "moderate" deficiencies, the ALJ's use of "mild to moderate" in his hypothetical does not misrepresent Plaintiff's mental impairments.  See Wind v. Barnhart, 133 F. App'x 684, 694 (11th Cir. 2005) ("[D]espite that the ALJ found that [Plaintiff's] relevant mental limitations were "moderate," his use of the words "limited but satisfactory" and "mild to moderate" [in his hypothetical] did not mis-characterize the degree of [Plaintiff's] mental limitations.").  Accordingly, we find that the ALJ's hypothetical was proper and that the VE's response is considered substantial evidence to support the ALJ's decision.  See Rutherford v. Barnhart, 399 F.3d at 552.


BY THE COURT:


/s/Legrome D. Davis

U.S. District Court Judge


4